E. C. BRIGHT v. THE STATE.

No. 11896. Delivered October 31, 1928.
Rehearing denied January 16, 1929.

312

The opinion states the case.

*Grover C. Morris* of San Antonio for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

The facts are very short and seem to amply support the verdict and judgment. Appellant briefs the question of the reception of evidence by the jury otherwise than from the witnesses. The bill sets out that a case of malt liquor which came from appellant's house was opened in the presence of the jury by the sheriff when on the witness stand and that the officer took some of the bottles and held them up in view of the jury while testifying. It is further stated that later, and after the evidence had closed, the sheriff and one or two members of the jury took from said case a bottle or two of the liquid and held it up toward the light and smiled. Upon objection by appellant the bottles were put back in the case and the lid closed. The case and contents had not been formally offered in evidence. Nothing in this bill supports the conclusion of misconduct such as could have resulted in or caused any injury. Appellant admitted that he made the beer in question and a physician who analyzed some of it said that it contained eight per cent alcohol by volume. Appellant did not deny the fact that the liquor exhibited by the sheriff and that analyzed by the physician was made by him, but on the contrary admitted that he did make same but used it for medicine and for his own use. The jury gave him the lowest penalty.

The irregularities of the affidavit for search warrant appear to have been such that probably the objection should have been sustained to testimony as to what was found by use of the search warrant, but in view of the fact that appellant took the stand and testified that he made the liquor which was found by the officers, and that it was his, under many opinions recently rendered by this court the reception of the evidence as to what was found was thereby rendered harmless.

No error appearing, the judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant renews his insistence that the jury received evidence other than in the manner contemplated by law. The bill of exception discloses that five boxes of malt liquor had been placed before the jury and evidence given that they came from appellant's house. The sheriff had opened one box and in the jury's presence lifted some bottles therefrom. It appears from the bill that the bottles handled by the officer and jury on the occasion complained of were the same bottles which had already been exhibited by the sheriff. It is shown by the statement of facts that another witness tasted some of the liquor in the presence of the jury and testified that it was intoxicating; still another one had testified that he made an analysis of some liquor that came from appellant's house and gave its alcoholic content. All of the evidence referred to the liquor which had been exhibited before the jury during the trial. Under the circumstances we must adhere to the conclusion heretofore announced that no injury could have possibly resulted to appellant from the incident complained of.

The motion for rehearing is overruled.

*Overruled.*